STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. THOMAS A. ARCHIPLEY, PLAINTIFF IN ERROR.

Submitted October term, 1929—Decided May 6, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Francis A. Gordon* and *Harry Grossman.*

For the defendant in error, *Abe J. David* and *Walter C. Tenney.*

PER CURIAM.

Plaintiff in error was convicted of the crime of extortion, and the judgment of conviction is before us under a strict writ of error and under section 136 of the Criminal Procedure act.

From amongst the thirty-two assignments of error and specifications of causes for reversal, there is one only that we need consider, inasmuch as it requires a reversal. That one is number 14, by which it is urged that the trial court erred in charging the jury as follows:

"The statute provides that any judge, magistrate, sheriff, coroner, constable, jailor or other officer as aforesaid who shall receive or take, by color of his office, any fee or reward whatsoever not allowed by the laws of this state for doing his office, shall be guilty of a misdemeanor."

The statute in question had no application to the facts as established by the state, with respect to any act with which

the plaintiff in error was charged. Plaintiff in error did not occupy any office or position covered by the statute referred to. Under the circumstances this amounted to prejudicial error requiring a reversal.

The judgment below is reversed.